# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# TUSCALOOSA DIVISION

| | | |
|---|---|---|
| **BRADLEY DALE PATE,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| v. | : | _____ |
| **THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY,** | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff, Bradley Dale Pate and files this Complaint against Defendant The Alabama Great Southern Railroad Company, respectfully showing this Court as follows:

### Nature of the Case - Jurisdiction - Parties

1. Plaintiff Bradley Dale Pate (hereinafter "Pate" or "Plaintiff") is a citizen and resident of the State of Alabama residing in Lake View Alabama and at all times pertinent hereto was an employee of The Alabama Great Southern Railroad.

2. Defendant The Alabama Great Southern Railroad Company ("AGS") is a common carrier by rail, Plaintiff's employer with engines, cars and tracks in Tuscaloosa County, Alabama and may be served by service of process upon its designated registered agent for service of process Crawford McGivaren, Jr., 2001 Park

1

Place North, Suite 700, Birmingham, Alabama 36203.

3. This action is maintained pursuant to 45 U.S.C. § 51-60 (commonly referred to as the Federal Employers' Liability Act or FELA) and pursuant to applicable federal, regulatory, and common law.

4. Jurisdiction and Venue are proper within this District pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the events and omissions giving rise to the claim occurred in Tuscaloosa County, Alabama.

## STATEMENT OF FACTS

5. On June 30, 2021, Plaintiff sustained serious injuries while working for Defendant as a conductor in the Tuscaloosa Railyard in Tuscaloosa, Alabama.

6. Plaintiff's injuries occurred while performing his duties as a conductor on June 30, 2021, in the Tuscaloosa Railyard Plaintiff working as part of a two-man transportation crew with AGS engineer Legrone.

7. On that date, in furtherance of his duties as a conductor for Defendant AGS, Plaintiff was required to mount or climb a hopper railcar designated CNW 437143 (the "railcar") in order to apply a handbrake on the end of the rail car.

8. On June 30, 2021 while performing his job duties for AGS Plaintiff mounted the railcar, when suddenly and without warning the ladder/sill step on which he was standing broke and failed to remain securely attached to the railcar and

separated from the railcar, causing Plaintiff to fall from the ladder causing Plaintiff to have to catch and snatch or jerk himself and hang in the air supported only by his grip and arms causing Plaintiff to be injured.

9. To function properly and not be defective the ladder/sill step must at all times remain securely attached to the railcar and the ladder/sill step is not intended to be insecure, unstable, break or separate from the railcar.

10. However, on June 30, 2021, the railcar ladder /sill step was defective, not properly secured and/or maintained, and failed to perform as intended or expected causing Plaintiff's injuries.

11. Defendant AGS was negligent and the railcar involved was defective and as a result of the negligence of the Defendant and the defective railcar, Plaintiff sustained serious and permanent injuries to his neck and shoulders.

12. While performing his duties, Plaintiff was injured due to the defective and not secure ladder/sill step on the railcar involved and the hazardous and unsafe working conditions created by and known to Defendant.

13. Plaintiff properly and promptly reported the incident, the defective railcar and his resulting injuries to Defendant.

## COUNT I – AGS – FELA NEGLIGENCE

14. At all times pertinent hereto, Defendant AGS had a nondelegable duty

under the FELA to Plaintiff to provide Plaintiff with a reasonably safe place to work.

15. Defendant AGS acting through its employees, knew, or in the exercise of ordinary care, should have known, that the tank car and specifically the ladder/sill step attached to the railcar on June 30, 2021 was unsafe for employees including Plaintiff to work on and around, but Defendant AGS failed to properly maintain its equipment leading to and causing the Plaintiff serious and permanent injuries.

16. Defendant AGS was negligent and breached the duty owed Plaintiff under the FELA in:

    a. Failing to provide Plaintiff a reasonably safe workplace;

    b. Failing to provide proper conditions to perform his duties;

    c. Negligently and carelessly failing to promulgate and/or enforce rules, regulations, policies, or procedures for the safe and proper maintenance of its equipment including its rail cars;

    d. Failing to follow industry custom and practice with regard to providing suitable working conditions;

    f. Failing to properly inspect and maintain its equipment including its railcars;

    g. Failing to warn Plaintiff of known or reasonably foreseeable dangers associated with his work environment including the defective nature of its railcar;

    h. Such other acts of negligence to be shown at the trial of this matter.

17. Defendant AGS is liable to Plaintiff for its negligence pursuant to the

FELA because it breached its duty to Plaintiff and AGS is therefore liable to Plaintiff for all his injuries and damages caused or contributed in any manner no matter how slight due to the negligence of AGS as set forth herein.

## COUNT II- AGS-NEGLIGENCE PER SE -REGULATORY VIOLATIONS

18.     49 CFR Part 231 requires that a railcar have securely fastened brake and sill steps as well as ladders which this railcar did not and therefore the car was defective and in violation of 49 CFR Part 231.

19.     The ladder/brake/sill step on the railcar involved was not secure and failed to remain secure, the ladder/sill step was therefore defective and not in compliance with and 49 CFR Part 231.

20.     As a result of the violations of the applicable CFR provisions AGS is deemed negligent per se and liable to Plaintiff for all his injuries and damages caused or contributed in any manner no matter how slight due to the regulatory violations as set forth herein.

## COUNT III- AGS-STRICT LIABILITY -VIOLATION OF THE FEDERAL SAFETY APPLIANCE ACT AND CODE OF FEDERAL REGULATIONS

21.     49 U.S.C. § 20302, also known as the Federal Safety Appliance Act (FSAA), provides that a vehicle (rail car) may not be in service or used by any railroad carrier unless it is equipped with secure ladders and sill steps.

22.     The railcar was in use pursuant to the FSAA.

23.    Because the ladder/sill step on the railcar involved was not secure and failed to remain secure, the ladder/sill step was defective and not in compliance with and in violation of the FSAA.

24.    In addition, 49 CFR Part 231 requires that a railcar have securely fastened sill/brake steps and ladders which this railcar did not and therefore the car was defective and in violation of this regulation.

25.    As a result of the violations of the FSAA and applicable CFR provisions AGS is strictly liable to Plaintiff for all his injuries and damages caused or contributed in any manner no matter how slight due to the violations as set forth herein.

## DAMAGES

26.    As a direct and proximate result of the negligence and violation of the FELA by Defendant, Plaintiff has suffered and will suffer injuries and damages including but not limited to:

    a.    Physical impairment;

    b.    Lost wages;

    c.    Lost fringe benefits;

    d.    Lost future wages and earning capacity:

    e.    Any and all unpaid medical bills and expenses; and

    f.    Pain, suffering, mental anguish, both past and in the future.

**WHEREFORE**, Plaintiff Bradley Dale Pate prays for the following:

a. That process be issued to the Defendant and that it be served according to law;

b. That Plaintiff have a trial by jury;

c. That judgment be entered in Plaintiff's favor for compensatory damages, including unpaid medical expenses, past lost wages, future lost wages and medical benefits, and past and future pain and suffering, mental and physical, in such amounts that a jury shall determine are just and reasonable under the circumstances; and

d. That Plaintiff have such other relief as the Court shall deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

*/s/ Kirby D. Farris*_____
Kirby D. Farris
Attorney for Plaintiff
**FARRIS, RILEY & PITT, L.L.P.**
505 20th Street North, Suite 1700
Birmingham, Alabama 35203
(205) 324-1212
kfarris@frplegal.com

-And-

**STEEL & MOSS, LLP**
John D. Steel *(pro hac motion to be filed)*
Georgia Bar No.  677646
The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11, Suite 905
Atlanta, Georgia 30305
Tel: (404) 264-1292